CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 1 2 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ADIB EDDIE RAMEZ MAKDESSI** | ) Case No. 7:13CV00079 |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) |
| | ) By: Glen E. Conrad |
| **HAROLD CLARKE, ET AL.**, | ) Chief United States District Judge |
| | ) |
| Defendant(s). | |

In this prisoner civil rights action under 42 U.S.C. § 1983, the pro se plaintiff, Adib Eddie Ramez Makdessi alleges that in November 2012, in retaliation for his prior lawsuit against prison officials, the officials acted with deliberate indifference to a risk that cuffing him behind his back would aggravate his documented shoulder problem and cause him significant pain. Defendants have answered and have indicated their intent to file a motion for summary judgment. Makdessi has now filed a pleading styled as "MOTION FOR ORDER OF PROTECTION AND PROOF OF PRIOR NOTICE OF [E]NDANGERMENT." The court construes this motion as seeking interlocutory injunctive relief regarding how prison officials may restrain Makdessi and how they must protect him and his legal materials. While the requested relief is not appropriate at the present stage of this civil action against the defendants named in this lawsuit, the court will direct the clerk to remove the pleading and file it as a new civil action.

Makdessi is an inmate at Keen Mountain Correctional Center. He alleges that an officer whom he cannot name recently warned him that, between November 1 and 9, 2013, Keen Mountain's protective custody inmates will be transferred to a newly opened prison, River North Correctional Center, where inmates and prison officials who are Makdessi's enemies will be "waiting for" him. Based on the unnamed officer's information, Makdessi voices fear that if he

is transferred to River North where the enemy inmates are, he will be housed in segregation rather than protective custody, and his legal materials will be destroyed in retaliation for his lawsuits and grievances.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." <u>Omega World Travel v. TWA</u>, 111 F.3d 14, 16 (4th Cir. 1997); <u>In re Microsoft Antitrust Litig.</u>, 333 F.3d 517, 526 (4th Cir. 2003). Makdessi does not allege that the potential harm he seeks to prevent through an interlocutory injunction arises directly from the past wrongs he has claimed against the defendants in this case. Rather, he alleges a new claim—that unnamed officials intend to retaliate against him for exercising his right to access the court. Therefore, while his motion for interlocutory relief must be denied in this case, the court will direct the clerk to file the motion as a new and separate civil action. An appropriate order will issue this day.

The Clerk is directed to send a copy of this order to the plaintiff and to counsel of record for the defendants.

ENTER: This 12th day of November, 2013.

_____
Chief United States District Judge