CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 25 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADIB EDDIE RAMEZ MAKDESSI, | ) | CASE NO. 7:13CV00537 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| UNNAMED DEFENDANTS, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Adib Eddie Ramez Makdessi, a Virginia inmate proceeding pro se, filed this action as a "motion for order of protection" in his pending civil rights action, Case No. 7:13CV00079, seeking a court order directing prison officials to restrain him in a certain way, to protect his legal materials, and to place him in a protective custody unit other than River North, one that is "safe and free from any gangsters." (Mot. 3.) The court directed the clerk to remove Makdessi's motion from the older, pending action and to open it as a new civil rights action pursuant to 42 U.S.C. § 1983, seeking immediate injunctive relief. After reviewing Makdessi's motion, however, the court concludes that he fails to state facts supporting imposition of the interlocutory relief he seeks. Therefore, the court will summarily deny his motion and dismiss the entire action without prejudice.

## Background

Makdessi filed his motion while incarcerated in the protective custody ("PC") unit at Keen Mountain Correctional Center. He alleged that an officer there told him, "[W]hen [Keen Mountain] moves all protective custody inmates . . . to River North prison between November 1st [and] 9th, 2013, some of the gangsters that attempted to murder [Makdessi] at Wallens Ridge prison will be there at protective custody and also some of the defendants from [his] previous

lawsuit are waiting for [Makdessi] at River North prison." (Mot. 1.) The unnamed officer also allegedly told Makdessi that defendant officers from this pending lawsuit told certain gangsters in the Keen Mountain PC unit that Makdessi is a snitch who should be killed, once all these inmates reach River North. The officers allegedly gave the gangsters a copy of Makdessi's letter to prison administrators, asking to have certain inmates added to his "enemy list." (Mot. Att. 1.)

Makdessi also fears that if he complains about the gangsters at River North, officials there will allow the gangsters to remain in protective custody and place him in segregation in retaliation for his litigation efforts. He asserts officials know that segregation is "torture" for him, because he is "claustrophobic." (Mot. 2.) He alleges that officials in the past have taken "advantage of this weakness of [his] and allow[ed] the sexual assaults and assaults and bat[t]ery on [him]." (Mot. 2.) Finally, Makdessi claims someone warned him that "they" would intentionally try to destroy his three boxes of legal materials, apparently during the transfer process. (Mot. 1.)

Since filing the motion, Makdessi has notified the court that on November 5, 2013, he was transferred to River North. His notification did not indicate that he was in danger there from gangsters, as he feared, or that his legal materials had been destroyed.

## Discussion

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "(1) that he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of

equities tips in his favor; and (4) an injunction is in the public interest." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part by 607 F.3d 355, 355 (4th Cir. 2010) ((quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)). Each of these four factors must be satisfied. Id. at 346. A movant is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id.

To the extent that Makdessi moved for immediate injunctive relief to prevent his transfer to River North and the possible destruction of his legal materials in the course of that transfer, his request is mooted by his transfer on November 5, 2013. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991) (holding that prisoner's transfer rendered moot his claims for injunctive and declaratory relief); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (same). Because the court can no longer grant the requested relief to prevent the transfer and possible, simultaneous interference with legal materials, Makdessi's motion must be denied as moot.

The remainder of Makdessi's motion, seeking an order of protection from gangsters in the River North PC unit without placement in segregation, must also be denied. In his initial motion, Makdessi offers nothing more than conjecture that his life would be in danger at River North. From the officer's alleged information about what unidentified Keen Mountain officials told the gangsters and about certain officers now working at River North, Makdessi unreasonably speculates that in the PC unit there, the gangsters and former defendant officers will have an opportunity to threaten and or harm him. He further speculates that if he complains to River North officials about such threats and/or harm, these officials will "protect" him by placing him

3

in segregation despite his claustrophobia. Such possible outcomes are not sufficiently "likely" to establish the irreparable harm element of the Winter test. Thus, the court must summarily deny Makdessi's motion for any type of interlocutory relief.

While Makdessi could file an amended complaint in this action, seeking other forms of relief, the court finds no good cause to allow such an amendment. Given the brief time since Makdessi's transfer to River North, he clearly has not had an opportunity at this time to exhaust administrative remedies regarding conditions he has met in that facility, as required under 42 U.S.C. § 1997e(a), before he may pursue court claims concerning those conditions. Prison officials at River North have a constitutional obligation to provide Makdessi with reasonable protection from harm at the hands of other inmates as these officials see fit. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Inquiry by federal courts regarding prison management is limited under § 1983 to whether a particular system violates any constitutional provision, and, absent such a showing, courts must leave matters of prison administration to the expertise of prison officials. See Bell v. Wolfish, 441 U.S. 520 (1979); Block v. Rutherford, 468 U.S. 576 (1984) (noting that courts cannot substitute their own judgment on institutional management for that of prison officials).

For these reasons, the court will deny Makdessi's motion for interlouctory injunctive relief in its entirety, and dismiss this action from the active docket of the court. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of November, 2013.

/s/ Jim Conrad
Chief United States District Judge

4